

**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
www.dlapiper.com

January 30, 2026

The Honorable Karen S. Marston
United States District Court for the
Eastern District of Pennsylvania
601 Market Street, Courtroom 16B
Philadelphia, PA 19106

Dear Judge Marston,

In response to the Court's January 26, 2026 request for briefing on the issue of plaintiffs' leadership obligations and/or expectations (Doc. No. 23), Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo") submit the following:

Novo supports, as a primary goal of this MDL, the efficient and orderly management of this litigation, which includes coordination of discovery, dispositive motions, and bellwether trial settings, if appropriate, with state courts.  While Novo strongly favors a litigation in which the vast majority of nationwide cases are centralized in the MDL proceeding, we defer to the Court on how best to create a PSC leadership that is motivated to support centralization and help avoid a patchwork of separate state court proceedings that are not coordinating closely with the MDL.

Novo believes the MDL would be best served by PSC leadership that is fully invested in the MDL, committed to resolving their eligible cases in the MDL, and willing to help achieve close coordination with all relevant state courts.  A commitment by PSC leadership reinforces the goals of a centralized MDL proceeding that involves plaintiffs from all over the country, and coordinated case management helps the parties avoid a multitude of state court proceedings that involve competing discovery obligations and other inconsistent practices that would protract the litigation and make it more difficult to achieve any type of final resolution.

Proposed co-lead counsel here, and co-lead in MDL 3094, highlighted these same goals in their initial petition to the JPML to coordinate MDL 3094: "Coordination of pretrial proceedings is necessary to avoid duplicative discovery, unduly burdensome discovery obligations, and inconsistent rulings on pretrial motions." MDL 3094, Doc. No. 1, at *3 (Dec. 1, 2023) (Morgan & Morgan petition for creation of GI MDL).[1]  Recognizing these same goals, counsel also encouraged the JPML to create MDL 3163: "Without question, the increasing

---

[1] *See also id.* at *12-13 ("Allowing more than several cases to continue separately will ultimately result in separate scheduling orders, duplicative discovery, and could lead to inconsistent rulings on the admissibility of evidence, liability, causation, and the reliability of liability and causation experts. The Panel should thus authorize an MDL so that pretrial proceedings 'will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.'" (citation omitted)).



number of NAION cases will benefit from consolidation and creation of an MDL." MDL 3163, Doc. No. 21 at *2 (Sept. 12, 2025) (Morgan and Morgan submission to the JPML in favor of creation of NAION MDL proceeding).

At the first status conference, Defendants raised this issue in light of concerns related to MDL 3094 and the associated state court actions. In MDL 3094, the Court established a thoughtful and organized approach that would allow for the resolution of threshold legal and expert questions before engaging in marketing and bellwether discovery.  However, in several state courts, plaintiffs have sought that additional discovery immediately, which Novo believe undermines the goals of the MDL.

This forum shopping is precisely what counsel advocated *against* when petitioning the JPML to form MDL 3094 in the first place: "Having one judge evaluate these issues will achieve far greater consistency than the efforts of multiple judges and parties across the country." MDL 3094, Doc. No. 1, at *14 (Dec. 1, 2023) (Morgan & Morgan petition for creation of GI MDL); *see id.* at *14 ("Additionally, duplicative motion practice encourages forum shopping and strains judicial resources. Because cases are guided by different scheduling orders, parties file and courts decide motions at different times, which means that an issue unsuccessfully litigated in one district could be re-litigated elsewhere by the losing party. This situation strains judicial resources.")

Accordingly, Novo favors a PSC leadership that is committed to filing their eligible cases in front of this MDL Court, that actively encourages coordination with state court litigations, and that refrains from taking positions that are inconsistent with the case management orders established in the MDL.  Now that this MDL is established, Novo understands that at least some firms seeking positions on leadership who have filed cases in state court that could be filed in the MDL will dismiss and refile those in this Court.  To that end, Novo has agreed to use the date the case was first filed in state court for any limitations or laches calculation.  Novo encourages all counsel, in particular leadership candidates, to follow their lead.

In *In Re Depo-Provera Product Liability Litigation*, Judge M. Casey Rodgers recently addressed the role of the PSC leadership, noting that leadership's failure to file cases in the MDL "is disruptive to the efficient management of the MDL."  *See* PTO 27 (Certification of Case Inventory Requirement for Plaintiffs' Leadership Firms), 3:25-md-03140, Doc. No. 382 (N.D. Fl. July 16, 2025). She further emphasized "simple fairness" is at play in the conduct of all members of Leadership.  *Id.*  Similarly, here, Novo believes that simple fairness requires that all parties, led by PSC leadership, promote the primacy of the MDL and resist efforts to encourage forum shopping.



      Novo appreciates the opportunity to weigh in on this important issue, and we look forward to working together with the Court and the PSC leadership in furtherance of the goals of this MDL.

Dated: January 30, 2026　　　　　　　　　　Respectfully submitted,

                                             */s/ Loren H. Brown*  
                                             Loren H. Brown (admitted *pro hac vice*)  
                                             Lucas P. Przymusinski (admitted *pro hac vice*)  
                                             **DLA PIPER LLP (US)**  
                                             1251 Avenue of the Americas, 27th Floor  
                                             New York, NY 10020-1104  
                                             Telephone: (212) 335-4846  
                                             Facsimile: (212) 335-4501  
                                             loren.brown@us.dlapiper.com  
                                             lucas.przymusinski@us.dlapiper.com

                                             Ilana H. Eisenstein (PA Bar No. 94907)  
                                             Raymond M. Williams (PA Bar No. 90771)  
                                             **DLA PIPER LLP (US)**  
                                             1650 Market Street, Suite 5000  
                                             Philadelphia, PA 19103  
                                             Telephone: (215) 656-3300  
                                             Facsimile: (215) 606-3301  
                                             ilana.eisenstein@us.dlapiper.com  
                                             raymond.williams@us.dlapiper.com

                                             Katherine W. Insogna (admitted *pro hac vice*)  
                                             **DLA PIPER LLP (US)**  
                                             33 Arch Street, 26th Floor  
                                             Boston, MA 02110  
                                             Telephone: (617) 406-6000  
                                             Facsimile: (617) 406-6100  
                                             katie.insogna@us.dlapiper.com

                                             *Attorneys for Defendants*  
                                             *Novo Nordisk A/S and Novo Nordisk Inc.*