

February 6, 2026

<u>VIA ECF</u>

Judge Karen S. Marston
16613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:     *In re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAS) Non-Arteritic Anterior Ischemic Optic Neuropathy Products Liability Litigation*, 25-md-3163 (MDL No. 3163)

Dear Judge Marston:

The Court requested the parties submit briefing regarding "whether the Court may, and if so, the extent to which the Court should, limit the ability of attorneys assigned to Plaintiffs' leadership to bring actions in state court when those cases could be brought in this MDL No. 3163." ECF No 23.

The undersigned are fully committed to this MDL, and to effectively and efficiently prosecuting the litigation on behalf of all MDL plaintiffs consistent with the Federal Rules of Civil Procedure, the Guidelines supplied by the Manual for Complex Litigation (Fourth), and the ethical obligations owed to our clients. We recognize that in any litigation there will always be cases that must be filed in state court, e.g., where a basis for federal jurisdiction is absent, or because of ethical obligations which must be taken into consideration with respect to filing decisions. All counsel, including those appointed to MDL leadership, must be mindful of client directives that may warrant filing in another jurisdiction. That said, the undersigned are committed to filing future cases that can be brought in federal court in the MDL, consistent with our ethical obligations.

With respect to the Court's authority, all Courts have the inherent authority to manage their docket, and in MDLs, that authority includes the power to appoint leadership counsel charged with representing the collective interest of all or a group of Plaintiffs. *See Manual for Complex Litigation (Fourth)* § 10.221 (2004). Courts wield significant discretionary authority with respect to those cases before it including in establishing the criteria for the appointment of Lead Counsel. However, the undersigned have been unable to identify case law or statutory authority that gives a federal court the ability to restrict counsel's ability to initiate or maintain separate actions in a state court, as such a restriction would likely implicate ethical duties of counsel as well as fundamental principles of jurisdiction, standing, federalism, and the independent jurisdictional mandates of the state courts.

Notwithstanding the Court's authority to oversee leadership structure, the MDL guidelines recognize that issues relating to state/federal venue may implicate significant ethical obligations:

> Anecdotes exist about transferee judges that have attempted to pressure plaintiffs' counsel into moving their cases into federal court, into the MDL. It may therefore be appropriate to mention at this juncture that there are strong reasons that attorneys may maintain cases in state court, even while participating in earnest in the MDL. For example, the case may be one as to which there is no basis for federal jurisdiction. Or, it may be one as to which the attorney believes the particular client will obtain a better result in state court; an attorney's ethical obligation to pursue the best strategy for each client is not abridged even

in aggregation, and this decision should be respected.[1]

Plaintiff counsels' ethical obligation arises from their duty to "provide competent representation" to each client, Mod. Rules Prof. Cond. § 1.1; the duty to "act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf," *id*. § 1.3, comment [1]; the duty to exercise "[l]oyalty and independent judgment," *id*. § 1.7, comment [1]; and the requirement that "[t]he lawyer's own interests"—which would include the lawyer's interests in MDL leadership—"should not be permitted to have an adverse effect on representation of a client," *id*. at § 1.7, comment [10]. *See also In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 2009 WL 5195841, at *9 (D. Minn. Dec. 15, 2009) ("While the Court recognizes that an MDL alters the traditional relationship by placing different pressures on attorneys, it does not believe that participation in an MDL excuses an attorney from serving the best interests of his or her clients.").

MDLs are not "islands" and it is simply a "reality" that "parallel state court litigation" will "move[] forward outside of the MDL court's jurisdiction."[2] Given the unavoidability of parallel litigation in federal and state court, it is no surprise that the MDL guidelines cited by Lilly note that transferee judges find great benefit from having attorneys in leadership with cases in both state and federal courts.[3]

> Far from these reports of transferee judges "punishing" state court lawyers by not appointing them to leadership positions, experienced transferee judges report that they actually prefer to have some attorneys in leadership who have cases in both courts, because it helps the judge to know what is going on in parallel cases. Moreover, if the parties move toward settlement as the MDL's endpoint, this overlap may be helpful in exploring the viability of and objections to a global settlement.[4]

And the guidelines extensively discuss strategies for proceeding in tandem with state court litigation.[5]

Novo cites a pretrial order issued in *Depo-Provera* to argue that Plaintiffs' leadership attorneys should "promote the primacy of the MDL" over state court litigation.[6] The *Depo-Provera* pretrial order does not mention state court litigation or impose any limitation on where cases may be filed.[7] Defendants do not cite any order imposing such a requirement.[8]

In MDL 3094, a Coordination Order was entered to ensure that resources committed to the litigation in the MDL would not be wasted. The undersigned anticipate that a similar order will be negotiated here. Federal Rule of Civil Procedure 1 reinforces this commitment by requiring that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." We are committed to working cooperatively to avoid

---

[1] Bolch Judicial Institute, Duke Law School, *Guidelines & Best Pracs. for Large & Mass-Tort MDLs* (2d ed. 2018), available at https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch at 91 (emphasis added).
[2] Bolch at 81.
[3] Lilly acknowledges that "plaintiffs' leadership's participation in state court litigation could be accretive (rather than disruptive) to the MDL." Doc. 33 at 5.
[4] Bolch at 91-2 (emphasis added).
[5] *Id*. at 81-92.
[6] Doc. 32 at 2 (citing *In Re Depo-Provera Product Liability Litigation*, 3:25-md-03140, Doc. 382 (N.D. Fla. July 16, 2025)).
[7] *Depo-Provera*, Doc. 382 at 1.
[8] The AFFF MDL court's CMO 35 likewise imposed no limit on state court filings, but rather created incentives for filing unfiled potentially unvetted cases in a mature MDL that had been pending for many years.

redundant efforts, eliminate unnecessary motion practice, and ensure that discovery proceeds in a manner consistent with Rule 1's mandate in a coordinated fashion with state court litigation.

      Based upon all of the foregoing, the undersigned proposed Plaintiffs' co-lead counsel respectfully submit that given the commitment of proposed leadership to the prosecution and success of this MDL and in consideration of the potential ethical issues raised by limiting state court filings, an order imposing such a limitation is unwarranted.

| | |
|---|---|
| */s/ Jonathan Orent* | */s/ Sarah Ruane* |
| Jonathan Orent | Sarah Ruane |
| MOTLEY RICE LLC | WAGSTAFF & CARTMELL |
| 40 Westminster St., 5th Floor | 4740 Grand Avenue Suite 300 |
| Providence, RI 02903 | Kansas City, MO 64112 |
| Telephone: (401) 457-7700 | Telephone: (816) 701-1123 |
| Email: jorent@motleyrice.com | Email: sruane@wcllp.com |

*/s/ Parvin K. Aminolroaya*
Parvin K. Aminolroaya
SEEGER WEISS LLP
55 Challenger Rd., 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Email: paminolroaya@seegerweiss.com


Cc:    Defense Counsel of Record
        Roberta Liebenberg, Esq.
        Nina Spizer, Esq.